UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David E. Simpson, # *11164-058* ,<br>*aka David Ezell Simpson, David Simpson,*<br>*fka David Ezell Simpson,*#0370802,<br><br>                Plaintiff,<br><br>vs.<br><br>Chesterfield County, S.C.; Chesterfield County Clerk of Court; Chesterfield County Sheriff Office,<br><br>                Defendants. | ) C/A No: 4:11-2330-SB-BHH<br>)<br>)<br>)<br>)<br>)<br>) Report and Recommendation<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Plaintiff David E. Simpson, proceeding *pro se*, pursues this action under 42 U.S.C. § 1983. At the time of filing, Plaintiff was incarcerated at Central Prison in Raleigh, North Carolina, and filed this action *in forma pauperis* under 28 U.S.C. § 1915. On September 8, 2011, Plaintiff notified the Clerk of Court he would be moved to federal custody on September 13, 2011. A review of the Federal Bureau of Prisons Inmate Locator on September 16, 2011, shows that Plaintiff is "in transit." Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

This is a challenge to a detainer for a bench warrant that was lodged against the Plaintiff in 2002. Plaintiff challenged the detainer in 2006, alleging it violated the Interstate Agreement on Detainers (IAD). That matter, however, was dismissed as moot because, at that time, Plaintiff had been released from prison. *See Simpson v. South Carolina*, Civil Action No. 8:06-2890-SB-BHH (D.S.C. 2006). A Court may take judicial notice of its own books and records. *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989)

("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(I), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte. Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 101 S. Ct. 173 (1980)*(per curiam)*. Even under this less stringent standard, however, the *pro se* petition is subject to summary dismissal.

The mandated liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

A claim for relief under § 1983, must sufficiently allege that the plaintiff was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 690 & n.55 (1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"); *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). It is well settled that only "persons" may act under color of state law, therefore, a defendant in a § 1983 action must qualify as a "person." For example, several courts have held that inanimate objects such as buildings, facilities, and grounds are not "persons" and do not act under color of state law. *See Preval v. Reno*, 57 F. Supp.2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Thus, in this instance, the Chesterfield County Sheriff's Office is not a "person," as that term is defined for purposes of Section

1983. The Sheriff's Office consists of buildings and grounds. Therefore, the Chesterfield County Sheriff's Office would be entitled to summary dismissal.

Additionally, while Counties may be considered "persons" under Section 1983, their potential liability turns on whether the alleged unconstitutional conduct implements a policy. *See Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658 (1978)(county or other municipality may have 1983 liability if a "policy" of discrimination is alleged *but* municipalities are liable under § 1983 only for violations of federal law that occur pursuant to official governmental policy or custom). *See also Los Angeles County v. Humphries*, 131 S.Ct. 447 (2010) (local governing bodies can be sued directly under §1983, regardless of relief sought, where the action that is alleged to be unconstitutional implements or executes a policy or custom). In this case, Plaintiff has not alleged that Chesterfield County has a policy of violating the IAD. In fact, Plaintiff specifically pleads that "[he] should not have any detainer on [him] at al[l] when they know, the <u>Clerk</u> and <u>Sheriff</u>['s] <u>Office</u> again knew [he] was lock[ed] up and still lock[ed] up (emphasis in original)." By Plaintiff's own admission, he places responsibility for the events outlined in the Complaint on the Clerk of Court and the Sheriff's office - and not on Chesterfield County. Consequently, Chesterfield County would be entitled to summary dismissal.

Finally, County Clerks of Court, though elected by the voters of a County, are also part of the State of South Carolina's unified judicial system. *See* S.C. Const. Article V, § 24; § 14-1-40, South Carolina Code of Laws (as amended); and § 14-17-10, South Carolina Code of Laws (as amended). In the above-captioned case, the Clerk of Court for Chesterfield County has quasi-judicial immunity because the Plaintiff's allegations show only that the Defendant was following rules of a Court, or was acting pursuant to authority

delegated by a court to Clerk's Office personnel. *See Bell v. Shearouse,* No. 2:11-cv-506-HFF-BHH, 2011 WL 1625013 (D.S.C. March 28, 2011) *citing Cook v. Smith*, 812 F. Supp. 561, 562 (E.D.Pa. 1993); and *Mourat v. Common Pleas Court of Lehigh County*, 515 F. Supp. 1074, 1076 (E.D.Pa. 1981). In *Mourat v. Common Pleas Court of Lehigh County*, the district court, in a ruling from the bench, rejected claims similar to those raised by the *pro se* plaintiff in the case *sub judice*:

> The clerk, Joseph Joseph, is also immune from suit. In the "recognized immunity enjoyed by judicial and quasi-judicial officers, including prothonataries, there exists an equally well-grounded principle that any public official acting pursuant to court order is also immune." We have here quoted from *Lockhart v. Hoenstine*, 411 F.2d 455, 460 (3d Cir. 1969)[, *cert. denied*, 396 U.S. 941 (1969)]. If he failed to act in accordance with the judicial mandate or court rule, he would place himself in contempt of court. See *Zimmerman v. Spears*, 428 F. Supp. 759, 752 (W.D.Tex.), *aff'd*, 565 F.2d 310 (5th Cir. 1977); *Davis v. Quarter Sessions Court*, 361 F. Supp. 720, 722 (E.D.Pa.1973); *Ginsburg v. Stern*, 125 F. Supp. 596 (W.D.Pa.1954), *aff'd per curiam on other grounds*, 225 F.2d 245 (3d Cir. 1955) sitting en banc.

*Mourat v. Common Pleas Court for Lehigh County, supra*, 515 F. Supp. at 1076.

The doctrine of absolute quasi judicial immunity has been adopted and made applicable to court support personnel because of "the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts[.]'" *See Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992). *See also Ashbrook v. Hoffman*, 617 F.2d 474, 476 (7th Cir. 1980)(collecting cases on immunity of court support personnel).

Furthermore, the United States Court of Appeals for the Fourth Circuit, in *Pink v. Lester*, 52 F.3d 73 (4th Cir., April 19, 1995) "found that the prisoner had not shown that the clerk 'deliberately' failed to file the complaint ...." *Cf. Lee X v. Casey*, 771 F. Supp. 725 (E.D.Va. 1991)(Plaintiff provided no evidence suggesting deputy clerk of court deprived him

of his right of access to the courts). Plaintiff cannot proceed against the Clerk of Court because that office is required to fulfill its administrative functions, which include the filing of detainers until such time as they are resolved.

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See* 28 U.S.C. § 1915A [the court shall review, as soon as practicable after docketing, prisoner cases to determine whether they are subject to any grounds for dismissal].

s/Bruce Howe Hendricks
United States Magistrate Judge

September 20, 2011
Charleston, South Carolina

***The plaintiff's attention is directed to the important notice on the next page.***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).